USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1694 UNITED STATES OF AMERICA, Appellee, v. ROBERT BENJAMIN, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Mark L. Wolf, U.S. District Judge] ___________________ ____________________ Before Torruella, Cyr and Stahl, Circuit Judges. ______________ _____________________ Theodore Lawrence Craft, with whom Robert Benjamin pro se ________________________ _______________ was on brief for appellant. Paul G. Levenson, Assistant United States Attorney, with _________________ whom Donald K. Stern, United States Attorney, was on brief for _______________ appellee. ____________________ July 13, 1994 ____________________ TORRUELLA, Circuit Judge. Robert Benjamin appeals his _____________ sentence and order to pay restitution after he pled guilty to a single count of interstate transportation of stolen property in violation of 18 U.S.C. 2314. BACKGROUND BACKGROUND __________ In 1985, Stanley Sreda ("Sreda"), a retired farmer, hired Robert Benjamin ("Benjamin"), a self-employed advisor and tax accountant, to manage Sreda's investments and authorized Benjamin to buy and sell securities on Sreda's behalf. During the course of their business relationship, Benjamin embezzled substantial sums of money from Sreda. After Sreda discovered that Benjamin had embezzled money from him, Sreda and Benjamin entered into a civil agreement ("the Agreement") whereby Benjamin conveyed his personal residence and land to Sreda. The Agreement stipulated that Sreda would put the property, which was heavily mortgaged, up for sale to recover the money which Benjamin had embezzled. The bank which held a mortgage on the property, however, foreclosed and took the property. According to Benjamin, Sreda, who owned the property subject to the mortgage, took no actions to sell the property nor made any payments on the mortgage. Sreda then filed a civil action to recover the money embezzled. Benjamin defaulted in the civil action. In this case, the government filed an Information charging Benjamin with interstate transportation of $460,449.85 in embezzled monies. Benjamin pled guilty to the charge. The -2- pre-sentence report ("PSR") calculated the actual loss suffered by Sreda to be $665,943, consisting of $460,449.85 attributable to 13 checks that Benjamin wrongfully converted and $205,494, discovered after the plea, attributable to bearer bonds which Benjamin fraudulently redeemed. Following the Sentencing Guidelines, the district court found Benjamin to have an offense level of 17 and a criminal history category of 1, calling for a sentence of 24 to 30 months incarceration and 24 to 36 months of supervised release. The court based its calculation of the total offense level on the $460,000 loss alleged in the indictment, plus an additional loss of $205,000 which it counted as "relevant conduct" under U.S.S.G. 1B1.3. The district court sentenced Benjamin to 30 months' incarceration followed by 36 months of supervised release. The district court also ordered Benjamin to pay $460,000 in restitution. On appeal, Benjamin contends that (1) the district court's calculation of his offense level was excessive and improper; (2) the district court erred in including the $205,000 not included in the indictment in its calculation of loss in determining "relevant conduct" for purposes of sentencing; (3) the sentence was wrongfully inconsistent with the plea agreement; and (4) the district court abused its discretion by failing to mitigate its restitution order in light of the civil agreement between Benjamin and Sreda. -3- DISCUSSION DISCUSSION __________ Benjamin's first contention has no merit. The sentence imposed was the result of a straightforward and correct application of the Sentencing Guidelines and Benjamin has articulated no reason why it should be deemed "excessive" or "improper." Of the remaining issues raised by Benjamin, the only issue preserved for appeal is whether the district court erred by failing to mitigate restitution. Benjamin's remaining contentions were not argued before the district court below and, absent exceptional circumstances, they will not be addressed for the first time on appeal. United States v. Curzi, 867 F.2d 36, _____________ _____ 44 (1st Cir. 1989); see also United States v. Shattuck, 961 F.2d ________ _____________ ________ 1012, 1015 (1st Cir. 1992) ("[w]e do not review sentencing guideline disputes which were not preserved before the district court") (citation omitted). At sentencing, counsel for Benjamin acknowledged that he had read the PSR and expressly waived any challenge to the factual accuracy of the PSR. Counsel also conceded that the correct amount for calculating loss for purposes of relevant conduct at sentencing was $665,000 as stated in the report. Benjamin is bound by these findings because on appeal, a defendant may not challenge the findings in his PSR if he has failed to object to that report in the district court. United ______ States v. Haggert, 980 F.2d 8, 11 (1st Cir. 1992) (citing United ______ _______ ______ States v. Fox, 889 F.2d 357, 359 (1st Cir. 1989)). ______ ___ -4- We can reverse Benjamin's sentence based on claims not raised below, only for "plain error." United States v. Olivier- _____________ ________ D az, 13 F.3d 1, 5 (1st Cir. 1993). Benjamin has failed, ____ however, to persuade us that such error took place. To meet the plain error standard there must be: (1) a reviewable error (2) that is "clear" or "obvious" and (3) affects "substantial rights." Id. __ There is no plain error in this case because this court has previously entertained and rejected the same substantive arguments presently made by Benjamin. In United States v. Fox, _____________ ___ 889 F.2d 357, 350-61 (1st Cir. 1989), we rejected a challenge to the district court's consideration of "relevant conduct" that had been set forth in a PSR, but that was not part of the specific offense to which defendant had pled guilty. In the present case, the district court correctly considered Benjamin's embezzlement of the additional $205,000 stated in the PSR as a factor in determining the guideline range under U.S.S.G. 1B1.3, the "relevant conduct" provision. Our review of the transcript confirms that the government met its obligations under the plea agreement and Benjamin concedes that there was no bad faith or breach of promise by the government. The agreement indicated that the district court was not bound by the agreement and might not follow the parties' guidelines calculations or sentencing recommendations. Yet, Benjamin contends that the court's consideration, in determining his sentence, of the $205,000 loss -5- not charged in the Information violated the plea agreement. In Fox, we rejected the contention that the court's consideration of ___ such "relevant conduct" in sentencing violated due process where a pre-sentence investigation subsequent to the plea agreement between the defendant and the United States revealed additional information relevant to sentencing. Fox, 889 F.2d at 362-63; see ___ ___ also United States v. Oyegbola, 961 F.2d 11, 14-15 (1st Cir. ____ _____________ ________ 1992), cert. denied, 113 S. Ct. 47 (U.S. 1992) (there was no _____ ______ breach of plea agreement where subsequent investigation by Probation Department revealed additional relevant conduct). Because Fox and Oyegbola control this case and because the ___ ________ district court's rulings were a straightforward application of the guidelines to the uncontested factual findings of the PSR, we find no plain error. RESTITUTION ORDER RESTITUTION ORDER _________________ The district court has considerable discretion in framing a restitution order. United States v. Lombardi, 5 F.3d _____________ ________ 568, 573 (1st Cir. 1993). Benjamin maintains that the property tendered to Sreda could have been sold for a considerable amount of money in mitigation of Sreda's loss. In essence, Benjamin argues that it is unfair to require him to restore the victim's loss a second time where the victim's own negligence in failing to put the property up for sale prior to foreclosure contributed to the loss. While this argument is somewhat appealing, we are -6- unable to find any error, much less an abuse of discretion, with the district court's order of restitution in this case. Title 18 U.S.C., section 3664(a), establishes the factors to be considered by the court in determining whether to order restitution: The court . . . shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate. In formulating its restitution order, the district court considered the appropriate factors. The court acknowledged the amount of loss suffered by the victim: $460,000 caused by the offense conduct charged as well as $205,000 caused by Benjamin's relevant conduct. The court limited its order of restitution to $460,000, correctly noting that it could not "properly take into account the amount of the relevant conduct for the purposes of restitution." See Hughey v. United States, ___ ______ _____________ 495 U.S. 411, 420 (1990) ("the loss caused by the conduct underlying the offense of conviction establishes the outer limits of a restitution order").1 The district court also considered Benjamin's financial ability to make restitution, stating: ____________________ 1 Section 3663 was amended on November 29, 1990, to allow broad restitution for offenses involving "as an element a scheme, a conspiracy, or a pattern of criminal activity." Pub. L. No. 101- 647, 2509, 104 Stat. 4789, 4863 (Crime Control Act of 1990); United States v. Cronin, 990 F.2d 663, 666 (1st Cir. 1993). That _____________ ______ amendment does not apply here, however, because the offense of conviction did not include a plan, scheme or conspiracy as an element of the offense. -7- I have ordered you to make the $460,000 restitution. And, if you can, you will; and if you can't, at the end of three years you will be relieved of the obligation. But, frankly, while I have been told all the money went into the house, I guess I haven't seen that proven. And, perhaps you will win the lottery. And if you do, Mr. [Sreda] should be a beneficiary of that as well. The district court was aware of Benjamin's attempt to make restitution by conveying his house and land to Sreda. At sentencing, the government contended that Sreda did not get any money out of the property. There was no evidence before the court as to what amount of restitution might have been available had the property been sold. The district court specifically asked Benjamin whether he had an appraisal of the property as of the date it was tendered. Benjamin responded that he did not and he failed to present other evidence showing the full value of the house and land when they were tendered. In light of this evidentiary void, even if the district court had considered it appropriate to reduce the amount of restitution to account for Benjamin's previous attempt to repay Sreda and any negligence on behalf of Sreda, it would have been virtually impossible for the district court to quantify these factors. The district court, therefore, simply had no basis to reduce the restitution order. Thus, we conclude that the district court did not abuse its discretion in basing its order of restitution on the amount of loss suffered by Sreda. Affirmed. ________ -8-