USCA1 Opinion

 

 December 6, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-2303 JANNETTE ORTIZ-TORRES, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ ___________________ Before Torruella, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ___________________ Jannette Ortiz-Torres on brief pro se. _____________________ Guillermo Gil, United States Attorney, Jose A. Quiles- ______________ ________________ Espinosa, Senior Litigation Counsel, and Ernesto Hernandez-Milan, ________ _______________________ Assistant U.S. Attorney, on brief for appellee. __________________ __________________ Per Curiam. Appellant challenges the denial of a ___________ motion under 28 U.S.C. 2255, seeking relief from her guilty plea and sentence. Finding no error, we affirm. In December, 1987, appellant was arrested by customs officials along with three travelling companions aboard a cruise ship docked in Puerto Rico. Each of the four, who had boarded the ship together in Venezuela, was found to be carrying a quantity of cocaine. The amount of cocaine in appellant's sole possession was four kilograms. The total cocaine found among the packages and suitcases of all four defendants was approximately 39 kilograms (gross weight). Having reason to believe that the four defendants were part of the same illegal drug smuggling enterprise, the government obtained a joint indictment in which they were charged in three counts with aiding and abetting one another in importing, possessing, and possessing with intent to distribute, 34.5 kilograms of the drug. Pursuant to a plea agreement, however, the government dismissed the indictment against appellant in exchange for her guilty plea to a one count information charging that she had unlawfully imported four kilograms of cocaine in violation of 21 U.S.C. 952(a). The crime to which appellant pled guilty carries a mandatory minimum penalty of five years and a maximum of 40 -2- years imprisonment. See 21 U.S.C. 960(b)(2). The charges ___ that were dropped carried a penalty of ten years to life imprisonment. See 21 U.S.C. 960(b)(1).  ___ Under the Sentencing Guidelines, appellant's base offense level is necessarily determined by considering all conduct relevant to the offense of conviction. See U.S.S.G. ___ 1B1.3. The presentence report ["PSR"] recited that the four defendants (three women and a man) had boarded the ship together and that the three women's passports bore sequential numbers. Based on information from the other women participants, the government believed that the man was the head of the group, and appellant, who had shared a cabin with him, was the second most culpable. Accordingly, the PSR recommended a guidelines base offense level, 34, which corresponded with the total quantity of cocaine carried by all four defendants. See U.S.S.G. 2D1.1. Appellant was ___ credited with a two level adjustment for acceptance of responsibility, and she was assigned a criminal history category of "I" because, at age twenty, she had no prior criminal record. This yielded a guidelines range of 121 to 151 months imprisonment. The court sentenced her at the low end of the recommended range, to 121 months imprisonment. She did not appeal. In this motion, filed four years later, appellant's basic concern is that her plea bargain did not lead to a -3- lower sentence.1 She challenges her guilty plea as involuntary and unintelligent, and alleges several errors in sentencing. As to her guilty plea, appellant alleges that her counsel did not inform her, or she did not understand, that the sentencing court could consider the total quantity of cocaine covered in the dismissed counts. As appellant perceives it, she thus netted no benefit from her plea bargain. To succeed on a claim of ineffective assistance in the context of the plea process, appellant must show both (1) that her counsel's representation fell below the objective standard of reasonableness demanded of attorneys in criminal cases, and (2) that she suffered "prejudice," meaning that there is a reasonable probability that, but for counsel's errors, she would not have pled guilty but would have insisted on going to trial. See Panzardi-Alvarez v. United ___ ________________ ______ States, 879 F.2d 975 (1st Cir. 1989) (citing Hill v. ______ ____ Lockhart, 474 U.S. 52, 57-59 (1985)), cert. denied, 493 U.S. ________ ____________ 1082 (1990).  ____________________ 1. Had appellant's sentence excluded consideration of the quantity of drugs covered by the dismissed counts, her base offense level would have been 30. Using the same determinants, i.e., a two level reduction for acceptance of responsibility and a criminal history category of "I," the guidelines range would have been 78 to 97 months. Appellant also argues that she should have received a downward adjustment for "minimal participation." -4- Appellant's proof on the first prong is inadequate. She offers only her own conclusory assertion that she was misinformed, an allegation that finds no support in the available record. The plea agreement she signed made no promises, but left sentencing to "the sound discretion of the Court in accordance with the Sentencing Guidelines." In her plea petition she expressed an awareness of the statutory penalty range of from five to forty years. While we do not have the benefit of a plea hearing transcript, due to the loss of the reporter's notes, appellant does not claim that her alleged misunderstanding stemmed from any misinformation conveyed at the plea hearing. Even if we assumed, however, that appellant was laboring under a misapprehension attributable to an objectively unreasonable attorney error, her allegations are insufficient to satisfy the "prejudice" prong of the claim. She admits that she committed the offense to which she pled guilty, and offers no reason to believe that but for counsel's allegedly erroneous advice, she would have pled not guilty and insisted on going to trial. See Hill v. Lockhart, ___ ____ ________ 474 U.S. 52, 59 (1985). The fact, if fact it is, that she reaped no benefit at sentencing from her plea agreement, does not alone suffice to establish a claim of ineffective -5- assistance.2 See United States v. Wright, 873 F.2d 437, 441 ___ _____________ ______ (1st Cir. 1989). In short, appellant's belated allegations do not establish an entitlement to relief from her plea under 2255. See United States v. Laliberte, 25 F.3d 10, 13 (1st ___ _____________ _________ Cir. 1994) (observing that 2255 relief from a plea is available after sentencing only for "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure"). Appellant's challenge to the computation of her sentence has a dual premise. Initially, she appears to argue that as a matter of constitutional due process, her sentence should have been based solely on the four kilogram offense to which she pled guilty. Second, she argues that the court misapplied the sentencing guidelines by attributing to her as relevant conduct the combined total of 39 kilograms, when allegedly she had no knowledge that her fellow travellers were carrying illegal drugs;3 and by  ____________________ 2. Appellant did reap a benefit from her plea for without it she likely would not have received the two level reduction in her sentence for acceptance of responsibility. 3. Appellant's brief cites the 1989 and 1992 amendments to U.S.S.G. 1B1.3(a). U.S.S.G. App. C, Amends. 78 & 439 (Nov. 1993). The amendments are "clarifying" rather than "revisionary" and thus may be consulted for purposes of interpreting the applicable guideline on appeal, United ______ States v. LaCroix, 28 F.3d 223, 227, nn. 3-5 (1st Cir. 1994), ______ _______ or on an otherwise cognizable 2255 motion, Isabel v. United ______ ______ States, 980 F.2d 60, 62 (1st Cir. 1992). The amendments are ______ not a substitute, however, for the required 2255 showing of -6- failing to adjust her sentence downward for "minimal participation" under U.S.S.G. 3B1.2. It is well settled that there is no constitutional impediment to consideration by the sentencing court of all conduct relevant to the offense in question. Wright, 873 ______ F.2d at 437. "In the case of jointly undertaken criminal activity (whether or not charged as a conspiracy) relevant conduct includes all acts reasonably foreseeable by the defendant and committed in furtherance of the jointly undertaken activity." United States v. Reyes, 3 F.3d 29 (1st _____________ _____ Cir. 1993). We have repeatedly upheld inclusion as relevant conduct of drug transactions that form part of the same course of conduct as the count of conviction, regardless of whether the transactions were never charged, or initially charged but dropped. Reyes, 3 F.3d at 31; United States v. _____ _____________ Blanco, 888 F.2d 907, 908-11 (1st Cir. 1989); Wright, 873 ______ ______ F.2d at 441. Our review of the other sentencing errors alleged in this 2255 motion is necessarily limited. Knight v. ______  ____________________ "cause" for appellant's earlier failure to raise her claims because they are not made substantively retroactive. U.S.S.G. 1B1.10; cf. McCleskey v. Zant, 499 U.S. 467, 487 ___ _________ ____ (1991). We bypass for now, as unnecessary to our disposition, further consideration of the relevance of the "accomplice attribution" amendments to which appellant points, noting however that U.S.S.G. 1B1.3(a) also covers acts "aided" and "abetted" by the defendant, which well may be the "relevant conduct" included here. U.S.S.G. 1B1.3(a)(1) (1988); see also U.S.S.G. App. C. Amend. 439 _________ (Nov. 1993); LaCroix, 28 F.3d at 227.  _______ -7- United States, __ F.3d __, 1994 U.S. App. LEXIS 29659 (1st ______________ Cir. Oct. 20, 1994). Barring "exceptional circumstances," nonconstitutional, nonjurisdictional claims that could have been, but were not raised at the appropriate time, may not be asserted by collateral attack. Knight, Id. at 7.  ______ ___ Appellant defaulted on her claims twice. She failed to assert them at the sentencing hearing, and she failed to take a direct appeal. Indeed, the available record shows that appellant interposed no objections whatsoever to the PSR, thus implicitly acquiescing in the judge's reliance upon it at sentencing.4 In the absence of a showing of "cause" sufficient to excuse these defaults as well as a showing of prejudice amounting to a "complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure," she may not now assert them. See ___ id.at 6(quoting Hillv. UnitedStates, 368U.S. 424,428 (1962)). ___ ____ ____________ Appellant attempts to excuse the defaults by a combination claim of attorney ineffectiveness during sentencing and an alleged denial of an opportunity to address the court or challenge the PSR. A constitutional claim of ineffective assistance of counsel is not normally barred by a  ____________________ 4. Because appellant offered no objection to the facts recited in the PSR, she also waived the other alleged errors she asserts: that there was insufficient evidence at sentencing to support the "relevant conduct" determination, and that the judge failed to enter specific findings on facts she now perceives as "controverted." See United States v. ___ _____________ Benjamin, 30 F.3d 196, 197 (1st Cir. 1994).  ________ -8- failure to raise it on direct review. Id. at 10. However, ___ this claim was not squarely presented nor ruled upon below, so we will not address it for the first time on appeal. We also note that appellant makes certain allegations with respect to the sentencing hearing, without specifically mentioning the requirements of Fed. R. Crim. P. 32 or our recent decision in United States v. De Alba-Pagan, _____________ _____________ No. 93-2018 (1st Cir. Aug. 26, 1994). The Rule 32 issue, like the related issue of ineffectiveness of counsel during sentencing, was not squarely presented nor ruled upon below. Moreover, the record on appeal does not contain a full transcript of the sentencing hearing. For these reasons, we will not address this issue for the first time on appeal. Affirmed. ________ -9-