USA v. Bartlett                          CR-93-081-M    02/24/95
                    UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

     v.                                  Criminal No. 93-81-01-M

Clyde S. Bartlett, Jr.


                    ORDER ON MOTION FOR STAY


     On November 18, 1994, the court imposed a sentence that
included a fine in the amount of $100,000.00, and an order of
restitution in the amount of $600,603.00.  The defendant now
moves the court to stay the immediate payment of monetary
penalties imposed against him until a reasonable time following
the completion of his period of incarceration.

     Although the defendant has recently undergone bankruptcy
proceedings, faces a nondischargeable civil judgment in excess of
four million dollars, and has been provided appointed counsel
based upon an affidavit of indigency, the court nevertheless
found that the defendant did not meet his burden of demonstrating
his financial resources or his dependents' needs.  U.S.S.G.
§5E1.1, Background Comments; U.S.S.G. §5E1.2(d); see United
States v. Bradley, 922 F.2d 1290, 1298 (6th Cir. 1991) ("The

record is clear, however, that the defendant did not carry his burden of showing that he was unable to pay his fines imposed by the District Court.") <u>overruled on other grounds by</u> <u>United States v. McGlocklin</u>, 8 F.3d 1037 (6th Cir. 1993); <u>United States v. Marquez</u>, 941 F.2d 60, 65 (2nd Cir. 1991) ("It would thus appear that the Guidelines as presently clarified require a defendant seeking to avoid a fine on grounds of financial inability to come forward with evidence of that inability . . ..").

Specifically, the defendant failed to cooperate in making full financial disclosure to the United State Probation Officer assigned to complete the presentence investigation report and, in so doing, gave the court no meaningful basis upon which to evaluate his actual financial resources or to determine the extent to which he may have hidden assets by transferring them to his wife, or otherwise. <u>See</u>, <u>e.g.</u>, paragraphs 62 and 63, Presentence Investigation Report; 18 U.S.C. §3664; U.S.S.G. §5E1.2(a).[1]

---

[1] Curiously, the defendant did not object to Paragraphs 62 and 63 of the Presentence Report (which specifically noted that he failed to provide the Probation Officer with requested financial information), and although he filed an Objection to Presentence Report in which he very generally claimed an inability to pay restitution (¶ 4), defendant did not present evidence or argue that inability at sentencing, nor did he

Defendant had several opportunities to present evidence in support of his claimed inability to pay financial sanctions, but chose instead to rely upon a general but unsubstantiated claim of impecuniosity. During the sentencing hearing, after imposing the fine and restitution order, the court specifically stated that: "If the defendant believes that he is unable to pay the fine or make restitution he must submit a detailed financial affidavit to the Court within 30 days for further consideration on the fine and restitution order."[2]

specifically object to the court's imposition of a fine and restitution order after the court announced the sentence it intended to impose but before imposing it, nor did he avail himself of the opportunity to file a detailed financial affidavit within 30 days as provided at sentencing "[i]f [he] believes that he is unable to pay the fine or make restitution." In his notice of appeal, defendant specified issues he intends to raise, but did not claim the fine or restitution order was contrary to law. Given the absence of any detailed and reliable financial evidence, the court is unwilling to speculate regarding the defendant's motives, actions, or actual financial circumstances. Suffice it to say that defendant's conduct speaks for itself: to date, for reasons apparently satisfactory to him, he has declined to demonstrate an inability to pay the financial sanctions imposed.

[2] Because the defendant did not take the opportunity to file the financial affidavit suggested by the court at sentencing, the court did not have to address the extent to which it might have amended or corrected its sentence once the seven-day period referenced in Fed.R.Crim.P. 35(c) had lapsed.

Rather than cooperating, demonstrating genuine financial inability, and filing a detailed financial affidavit, the defendant instead filed a motion for stay of judgment, supported by a vague affidavit in which he argues that his present negative net worth, the general needs of his children to whom he pays child support, and his incarceration, all militate in favor of staying the judgment as to immediate payment of the monetary sanctions imposed and establishing a feasible post-release payment schedule. Because defendant has still not filed the detailed financial affidavit required, and continues to decline to cooperate with the probation officer by disclosing the nature and amounts of income earned by the corporation established in his wife's name for the purpose of hiring out his own personal sales services, the court declines to speculate, on incomplete information, about the defendant's actual financial circumstances and will continue to resolve all doubt against him, finding, again, that he has failed to carry his burden of demonstrating an inability to pay the sanctions imposed. See United States v. Benjamin, 30 F.3d 196, 199 (1st Cir. 1994) (defendant failed to produce evidence in support of his request that district court reduce restitution order); United States v. Lombardi, 5 F.3d 568, 572-73 (1st Cir. 1993) ("On this record, we think that the

4

district court could fairly conclude that [the defendant] had not long before been in possession of sums ample to pay the $60,000.00 fine and that their absence had not been adequately explained.  A defendant has little incentive to help in an inventory of his assets, and a busy federal judge is not required to conduct an audit before imposing a fine.").

The defendant may or may not have hidden assets.  He may or may not have a greater ability to pay a fine and restitution than he portrays, and may or may not have substantial financial expectancies which he would rather not disclose.  Absent full and complete disclosure and cooperation by defendant, however, the court must assume that he does have such assets, abilities, and expectancies and, therefore, is not demonstrably unable to pay the sanctions imposed.  United States v. Springer, 28 F.3d 236, 238-39 (1st Cir. 1994); see United States v. McIlvain, 967 F.2d 1479, 1481 (10th Cir. 1992) ("A defendant's present indigency, however, does not bar a restitution order where the evidence indicates a defendant has some assets or earning potential and thus possibly may be able to pay the amount ordered."); United States v. Rowland, 906 F.2d 621, 624 (11th Cir. 1990) ("Evidence that a defendant has failed to disclose the existence of assets

5

to the court, may support a determination that the defendant is able to pay a fine with those undisclosed assets.").

Certainly, the defendant has a demonstrated ability to earn in excess of $200,000. per year, and he appears to have been a creative, industrious and successful businessman.  Upon his release from incarceration, the defendant can reasonably be expected to earn sufficient sums to pay the sanctions imposed, United States v. Brandon, 17 F.3d 409, 461 (1st Cir. 1994) cert. denied sub nom, Granoff v. United States, 130 L. Ed. 2d 34, 115 S. Ct. 80 (1994), and, during his period of incarceration, at least some of his potential earnings can be designated by the Bureau of Prisons for application to the penalties imposed.

Accordingly, defendant's motion for stay of judgment (document no. 30) is denied.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

February 24, 1995

6

cc:  Michael C. Shklar, Esq.
     United States Attorney
     United States Marshal
     United States Probation