[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1052

 UNITED STATES,

 Appellee,

 v.

 LUIS MEDERA-CASTRO,

 Defendant, Appellant.

No. 98-1053

 UNITED STATES,

 Appellee,

 v.

 PEDRO CARRERA-GONZALEZ,

 Defendant, Appellant.
 

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Salvador E. Casellas, U.S. District Judge]

 Before

 Selya, Stahl and Lynch,
 Circuit Judges.

 Gilberto Figueroa-Rios and Gilberto Figueroa-Rios Law Officeon brief for appellant Luis Madera-Castro.
 Lydia Lizarribar-Masini on brief for appellant Pedro Carrera-
Gonzalez.
 Guillermo Gil, United States Attorney, Jose A. Quiles-
Espinosa, Senior Litigation Counsel, and Nelson Perez-Sosa,
Assistant United States Attorney, on brief for appellee. 

September 14, 1998

 Per Curiam. In these two companion cases, appellants
challenge their convictions and/or sentences imposed following
their guilty pleas to conspiring to distribute cocaine and
crack and carrying a firearm during and in relation to a drug
trafficking offense. We affirm appellants' convictions and
sentences.
 I. Appeal No. 98-1052. 
 Counsel for Luis Madera-Castro has submitted an
Anders brief and motion to withdraw, asserting that there are
no meritorious issues to be raised on appeal. See Anders v.
State of California, 386 U.S. 738 (1967); 1st Cir. Loc. R.
46.4(a)(4). Defendant has not filed a separate brief, although
he has been informed of his right to do so. We conducted a
full examination of the proceedings, including the guilty plea
and sentencing hearings, as required by Anders. Based on that
examination, we agree with counsel that the appeal presents no
issue having an arguable basis in law or fact.
 The transcript of the change of plea hearing
demonstrates that the district court fully complied with Fed.
R. Crim. P. 11, by properly advising defendant of his rights
and insuring that the plea was voluntary. The undisputed facts
support defendant's conviction of the crimes charged. The
court properly applied the sentencing guidelines and imposed a
sentence at the low end of the applicable guideline
imprisonment range. Therefore, there are no arguable appellate
issues as to defendant's conviction, plea or sentence.
 Counsel's motion to withdraw is granted, and
appellant's conviction and sentence are affirmed.
 II. Appeal No. 98-1053.
 Pedro Carrera-Gonzalez appeals from his sentence
imposed as to Count One of the indictment. He does not seek to
vacate his guilty plea. Having stipulated in his plea
agreement to a drug quantity yielding a base offense level
("BOL") of 24 and to a two-level upward adjustment pursuant to
U.S.S.G. 3B1.4, for the use of a minor to commit the offense,
appellant now objects for the first time that there is
insufficient factual support for the same. He concedes that
the failure to raise either claim below mandates "plain error"
review. See Fed.R.Crim.P. 52(b); United States v. Olano, 507
U.S. 725 (1993).
 A. Drug Quantity. A preponderance-of-the-evidence
standard applies to the sentencing court's determination of
drug quantity. See United States v. Lindia, 82 F.3d 1154, 1161
(1st Cir. 1996). Carrera-Gonzalez contends that the district
court erred by determining drug quantity in reliance solely 
upon the amounts of drugs charged in the indictment and
stipulated to in the plea agreement. See Appellant's Brief, p.
10.
 The Sentencing Guidelines provide that the sentencing
court "is not bound by [a] stipulation [of fact], but may with
the aid of the presentence report, determine the facts relevant
to sentencing." U.S.S.G. 6B1.4(d), p.s. (Nov. 1995). "Even
though stipulations are expected to be accurate and complete,
the court cannot rely exclusively upon stipulations in
ascertaining the factors relevant to the determination of
sentence. Rather, in determining the factual basis for the
sentence, the court will consider the stipulation, together
with the results of the presentence investigation, and any
other relevant information." U.S.S.G. 6B1.4, comment.
 In this case, the district court did not rely
exclusively on the stipulation in the plea agreement in
determining drug quantity. The court also relied upon the
presentence report. The PSR recounted the government's version
of the facts: that between July 2, 1996 and July 18, 1996,
Carrera-Gonzalez sold drugs in an amount of at least 400 grams,
but not more than 500 grams. See PSR, p. 5. At the sentencing
hearing, defense counsel indicated that there were no
objections to the "excellent presentence report." Sent. Tr., p.
2. Having failed to object below to the PSR's findings,
Carrera-Gonzalez is bound by them. See United States v.
Benjamin, 30 F.3d 196, 197 (1st Cir. 1994).
 The court accepted the PSR as its findings of fact,
as permitted by Fed. R. Crim. P. 32(b)(6)(D). In reliance upon
the PSR's findings regarding the quantity of drugs sold by
Carrera-Gonzalez, the district court properly calculated a BOL
of 24. See United States v. Brewster, 127 F.3d 22, 28 (1st Cir.
1997) ("[F]actual averments contained in the PSI Report usually
are deemed reliable enough to be used for sentencing
purposes"). Under these circumstances, the district court's
determination of drug quantity was not plain error.
 B. Section 3B1.4 Enhancement.
 The applicability of 3B1.4 is determined by
reference to "relevant conduct." See U.S.S.G. 1B1.3(a). 
Therefore, contrary to appellant's assertion in his brief, the
two-level increase did not require a finding that a minor was
used in the sales made by appellant himself. Instead, the
question is whether the use of minors was a "reasonably
foreseeable act[] . . . of others in furtherance of the jointly
undertaken criminal activity." U.S.S.G. 1B1.3(a)(1)(B). The
record contains ample evidence to support a finding that the
use of minors was "reasonably foreseeable." Therefore, it was
not plain error for the district court to apply the two-level
enhancement under U.S.S.G. 3B1.4, as stipulated to by
appellant.
 Carrera-Gonzalez' sentence is affirmed. See Loc. R.
27.1.