USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1052

 UNITED STATES,

 Appellee,

 v.

 LUIS MEDERA-CASTRO,

 Defendant, Appellant.

No. 98-1053

 UNITED STATES,

 Appellee,

 v.

 PEDRO CARRERA-GONZALEZ,
 
 Defendant, Appellant.
 _____________________

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Salvador E. Casellas, U.S. District Judge]

 Before

 Selya, Stahl and Lynch,
 Circuit Judges.
 
 

 Gilberto Figueroa-Rios and Gilberto Figueroa-Rios Law Officeon brief for appellant Luis Madera-Castro.
 Lydia Lizarribar-Masini on brief for appellant Pedro Carrera-
Gonzalez.
 Guillermo Gil, United States Attorney, Jose A. Quiles-
Espinosa, Senior Litigation Counsel, and Nelson Perez-Sosa,
Assistant United States Attorney, on brief for appellee. 

September 14, 1998

 
 

 Per Curiam. In these two companion cases, appellants
 challenge their convictions and/or sentences imposed following
 their guilty pleas to conspiring to distribute cocaine and
 crack and carrying a firearm during and in relation to a drug
 trafficking offense. We affirm appellants' convictions and
 sentences.
 I. Appeal No. 98-1052. 
 Counsel for Luis Madera-Castro has submitted an
 Anders brief and motion to withdraw, asserting that there are
 no meritorious issues to be raised on appeal. See Anders v.
 State of California, 386 U.S. 738 (1967); 1st Cir. Loc. R.
 46.4(a)(4). Defendant has not filed a separate brief, although
 he has been informed of his right to do so. We conducted a
 full examination of the proceedings, including the guilty plea
 and sentencing hearings, as required by Anders. Based on that
 examination, we agree with counsel that the appeal presents no
 issue having an arguable basis in law or fact.
 The transcript of the change of plea hearing
 demonstrates that the district court fully complied with Fed.
 R. Crim. P. 11, by properly advising defendant of his rights
 and insuring that the plea was voluntary. The undisputed facts
 support defendant's conviction of the crimes charged. The
 court properly applied the sentencing guidelines and imposed a
 sentence at the low end of the applicable guideline
 imprisonment range. Therefore, there are no arguable appellate
 issues as to defendant's conviction, plea or sentence.
 Counsel's motion to withdraw is granted, and
 appellant's conviction and sentence are affirmed.
 II. Appeal No. 98-1053.
 Pedro Carrera-Gonzalez appeals from his sentence
 imposed as to Count One of the indictment. He does not seek to
 vacate his guilty plea. Having stipulated in his plea
 agreement to a drug quantity yielding a base offense level
 ("BOL") of 24 and to a two-level upward adjustment pursuant to
 U.S.S.G. 3B1.4, for the use of a minor to commit the offense,
 appellant now objects for the first time that there is
 insufficient factual support for the same. He concedes that
 the failure to raise either claim below mandates "plain error"
 review. See Fed.R.Crim.P. 52(b); United States v. Olano, 507
 U.S. 725 (1993).
 A. Drug Quantity. A preponderance-of-the-evidence
 standard applies to the sentencing court's determination of
 drug quantity. See United States v. Lindia, 82 F.3d 1154, 1161
 (1st Cir. 1996). Carrera-Gonzalez contends that the district
 court erred by determining drug quantity in reliance solely 
 upon the amounts of drugs charged in the indictment and
 stipulated to in the plea agreement. See Appellant's Brief, p.
 10.
 The Sentencing Guidelines provide that the sentencing
 court "is not bound by [a] stipulation [of fact], but may with
 the aid of the presentence report, determine the facts relevant
 to sentencing." U.S.S.G. 6B1.4(d), p.s. (Nov. 1995). "Even
 though stipulations are expected to be accurate and complete,
 the court cannot rely exclusively upon stipulations in
 ascertaining the factors relevant to the determination of
 sentence. Rather, in determining the factual basis for the
 sentence, the court will consider the stipulation, together
 with the results of the presentence investigation, and any
 other relevant information." U.S.S.G. 6B1.4, comment.
 In this case, the district court did not rely
 exclusively on the stipulation in the plea agreement in
 determining drug quantity. The court also relied upon the
 presentence report. The PSR recounted the government's version
 of the facts: that between July 2, 1996 and July 18, 1996,
 Carrera-Gonzalez sold drugs in an amount of at least 400 grams,
 but not more than 500 grams. See PSR, p. 5. At the sentencing
 hearing, defense counsel indicated that there were no
 objections to the "excellent presentence report." Sent. Tr., p.
 2. Having failed to object below to the PSR's findings,
 Carrera-Gonzalez is bound by them. See United States v.
 Benjamin, 30 F.3d 196, 197 (1st Cir. 1994).
 The court accepted the PSR as its findings of fact,
 as permitted by Fed. R. Crim. P. 32(b)(6)(D). In reliance upon
 the PSR's findings regarding the quantity of drugs sold by
 Carrera-Gonzalez, the district court properly calculated a BOL
 of 24. See United States v. Brewster, 127 F.3d 22, 28 (1st Cir.
 1997) ("[F]actual averments contained in the PSI Report usually
 are deemed reliable enough to be used for sentencing
 purposes"). Under these circumstances, the district court's
 determination of drug quantity was not plain error.
 B. Section 3B1.4 Enhancement.
 The applicability of 3B1.4 is determined by
 reference to "relevant conduct." See U.S.S.G. 1B1.3(a). 
 Therefore, contrary to appellant's assertion in his brief, the
 two-level increase did not require a finding that a minor was
 used in the sales made by appellant himself. Instead, the
 question is whether the use of minors was a "reasonably
 foreseeable act[] . . . of others in furtherance of the jointly
 undertaken criminal activity." U.S.S.G. 1B1.3(a)(1)(B). The
 record contains ample evidence to support a finding that the
 use of minors was "reasonably foreseeable." Therefore, it was
 not plain error for the district court to apply the two-level
 enhancement under U.S.S.G. 3B1.4, as stipulated to by
 appellant.
 Carrera-Gonzalez' sentence is affirmed. See Loc. R.
 27.1.